ACCEPTED
01-15-00350-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/3/2015 2:59:35 PM
CHRISTOPHER PRINE
CLERK

**01-15-00350-CV**

_____

IN THE COURT OF APPEALS
FIRST JUDICIAL DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/3/2015 2:59:35 PM
CHRISTOPHER A. PRINE
Clerk

_____

**SHAN KOVALY**
*Appellant*

**v.**

**TULSIDAS KURUVANKA, M.D., ET AL., AND
IKEDINOBI U. ENI, M.D., ET AL.,**
*Appellees.*

_____

On Appeal from the 113th Judicial
District Court of Harris County, Texas

---

**APPELLEES' BRIEF**

---

**EDWARDS & ASSOCIATES**

JAMES B. EDWARDS
SBN: 06453600
jbe@malpracticedefense.com
ATTORNEYS FOR APPELLEES          STACY T. GARCIA
TULSIDAS KURUVANKA, M.D.         SBN: 24085323
AND NORTHWEST HOUSTON            stg@malpracticedefense.com
CARDIOLOGY, P.A.                 12603 Southwest Freeway, Suite 200
                                 Stafford, Texas 77477-3809
                                 Phone: 281-277-4940
                                 Fax: 281-277-4974

---

**ORAL ARGUMENT REQUESTED**

---

_____

IN THE COURT OF APPEALS
FIRST JUDICIAL DISTRICT OF TEXAS

_____

**SHAN KOVALY**
*Appellant*

**v.**

**TULSIDAS KURUVANKA, M.D., ET AL., AND
IKEDINOBI U. ENI, M.D., ET AL.,**
*Appellees.*

_____

On Appeal from the 113th Judicial
District Court of Harris County, Texas

---

## CERTIFICATE OF PARTIES AND ATTORNEYS

---

In accordance with the Texas Rules of Appellate Procedure 38.1(a),

Appellees certify the following is a complete list of the parties, attorneys, and other

persons with an interest in the outcome of the lawsuit:

**Shan Kovaly, Plaintiff/Appellant**
by and through his trial and appellate counsel of record:

Steven R. Davis
Davis & Davis
440 Louisiana St., Suite 1850
Houston, Texas 77002
steve@davis-davislaw.com
Phone: 713-781-5200
Fax: 713-781-2235
*Appellant's Trial Counsel*

Iain Simpson
Simpson, P.C.
1333 Heights Blvd., Suite 102
Houston, Texas 77008
iain@simpsonpc.com
Phone: 281-989-0742
Fax: 281-596-6960
*Appellant's Appellate Counsel*

**Tulsidas S. Kuruvanka, M.D. and Northwest Houston Cardiology, P.A., Defendants/Appellees**
by and through his counsel of record:

James B. Edwards
Stacy T. Garcia
Edwards & Associates
12603 Southwest Freeway, Suite 200
Stafford, Texas 77477-3809
jbe@malpracticedefense.com
stg@malpracticedefense.com
Phone: 281-277-4940
Fax: 281-277-4974

**Ikedinovi U. Eni, M.D and Ikedinovi U. P.A., Defendants/Appellees**
by and through his trial and appellate counsel of record:

Joel Sprott
Kristin Blanchard
Sprott, Newsom, Lunceford, Quattlebaum & Messenger
2211 Norfolk Street
Houston, Texas 77098
sprott@sprottnewsom.com
Phone: (713) 523-8338
Fax: (713) 523-9422
*Appellees' Trial Counsel*

Diana L. Faust
Cooper & Scully, PC
900 Jackson Street, Suite 100
Dallas, Texas 75202

Diana.faust@cooperscully.com
Phone: (214) 712-9500
Fax: (512) 712-712-9540
*Appellees' Appellate Counsel*

The following are parties interested in the trial court proceeding but are not

parties to this appeal:

**The Honorable Michael Landrum, Judge Presiding**
Judge of the 113th Judicial District Court
201 Caroline, 10th Floor
Houston, Texas 77002
Phone: 713-368-6113

# TABLE OF CONTENTS

CERTIFICATE OF PARTIES AND ATTORNEYS …………………………..ii

TABLE OF CONTENTS …………………………………………………….v

INDEX OF AUTHORITIES ………………………………………………vii

APPELLANT'S BRIEF …………………………………………………….1

STATEMENT OF THE CASE ……………………………………………2

STATEMENT ON ORAL ARGUMENT ………………………………….3

STATEMENT OF THE JURISDICTION ……………………………….4

APPELLANT'S ISSUE PRESENTED ……………………………………5

STATEMENT OF THE FACTS ……………………..…………………6

SUMMARY OF THE ARGUMENT ……………………………………8

ARGUMENT & AUTHORITIES …………………………………………9
      I. Standard of Review ………………………………………9

      II. Reply Issue Number One ………………………………….9

          A. C.P.R.C. Chapter 74 Requires Pre-Suit Notice And a Valid Medical Authorization to Toll the Statute of Limitations ..…10

          B. The Pre-Suit Medical Authorization Mr. Kovaly Gave to A Non-Party Does Not Satisfy The Requirements of Chapter 74 To Toll the Statute of Limitations ..……………………..12

          C. Pre-Notice Was Not Given to Any Party In This Case ………13

CONCLUSION AND PRAYER …………………………………………15

CERTIFICATE OF SERVICE ……………………………………………..17

CERTIFICATE OF COMPLIANCE  …………………………….……………18

APPENDIX  ……………………………………………….……………19

# INDEX OF AUTHORITIES

## CASES

*Bocken v. Entergy Gulf States, Inc.*,
    197 S.W.3d 429 (Tex. App. – Beaumont 2006). ………..…………………….9
*Carreras v. Marroquin,*
    339 S.W.3d 68, 74 (Tex. 2011). …………………………………10, 11, 12
*De Checa v. Diagnostic CenterHosp., Inc.,*
    852 S.W. 2d 935 (Tex. 1993)……………………………………………13, 14
*Gibbs v. General Motors*,
    450 S.W.2d 827, 828 (Tex. 1970) ………………………………….....…9
*Mitchell v. Methodist Hospital*,
    376 S.W.3d 833 (Tex. App. – Houston [1st Dist.] 2012, pet.
    denied). …………………………………………………….8, 11, 12, 13
*Montgomery v. Kennedy,*
    669 S.W.2d 309, 310-11 (Tex. 1984)…………………………………….9
*Moore v. K Mart Corp.*,
    981 S.W.2d 266, 269 (Tex. App. – San Antonio 1998, pet. denied) ……….9
*Nicholson v. Shinn,*
    2009 WL 3152111 (Tex. App. – Houston [1st Dist.] 2009, no pet.)...8, 12, 13
*Rhône-Poulenc, Inc. v. Steel,*
    997 S.W.2d 217, 224 (Tex. 1999). …………………………………………9

## STATUTES

Civ. Prac. & Rem. Code § 74.051 ……………………………………….8, 10

Civ. Prac. & Rem. Code § 74.052 ………………………………………….11

Civ. Prac. & Rem. Code § 74.251(a) ………………………………………8

Tex. R. Civ. Pro. § 166a(c) …………………………………………….9

## RECORD

Clerk's Record (CR)

**01-15-00350-CV**

_____

IN THE COURT OF APPEALS
FIRST JUDICIAL DISTRICT OF TEXAS

_____

**SHAN KOVALY**
*Appellant*

**v.**

**TULSIDAS  KURUVANKA, M.D., ET AL., AND
IKEDINOBI U. ENI, M.D., ET AL.,**
*Appellees.*

_____

On Appeal from the 113th Judicial
District Court of Harris County, Texas

---

**BRIEF OF APPELLEES, TULSIDAS KURUVANKA, M.D. AND
NORTHWEST HOUSTON CARDIOLOGY, P.A.**

---

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Come now, TULSIDAS KURUVANKA, M.D. AND NORTHWEST HOUSTON CARDIOLOGY, P.A. ("Dr. Kuruvanka"), Appellees herein and submit this Brief.  In support of their request that this court affirm the trial court's order granting Appellees' Motion for Summary Judgment in this matter, Appellees respectfully show the Court the following:

1

# STATEMENT OF THE CASE

*Nature of the Case.* This is a healthcare liability claim governed by Chapter 74 of the Texas Civil Practice and Remedies Code that involves medical care rendered to Shan Kovaly at Houston Northwest Medical Center by Drs. Kuruvanka and Eni, respectively. (CR 5-6). Mr. Kovaly sued Dr. Kuruvanka, and other healthcare providers, claiming negligent care by them caused him harm. (CR 7)

*Trial Court Proceedings.* Mr. Kovaly filed suit on November 11, 2014 in Harris County, Texas. (CR 3-10) In February 2015, Dr. Kuruvanka filed a Motion for Summary Judgment claiming Mr. Kovaly's suit was barred by the Statute of Limitations. (CR 35-45) The trial court granted Dr. Kuruvanka's Motion for Summary Judgment as well as a similar motion by the Eni defendants. (CR 103) Mr. Kovaly then filed this appeal. (CR 108-109)

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Rule 39.1 of the Texas Rules of Appellate Procedure, Appellees Tulsidas Kuruvanka, M.D. and Northwest Houston Cardiology, P.A. respectfully request an oral argument in this case.

## STATEMENT OF JURISDICTION

The appeal of this case is from a final order that disposes of all of Mr. Kovaly's claims against Dr. Kuruvanka and Northwest Houston Cardiology, P.A., pursuant to a Motion for Summary Judgment filed by Dr. Kuruvanka and Northwest Houston Cardiology, P.A. and granted by the trial court. Notice of appeal was filed in accordance with Tex. R. App. P. § 25 and § 26.

**APPELLEES' ISSUE PRESENTED**

**<u>Reply To Issue Number One</u>**

Whether the trial court correctly granted Dr. Kuruvanka's Motion for Summary Judgment when Mr. Kovaly failed to file suit against Dr. Kuruvanka within the two year statute of limitations after failing to provide the adequate pre-suit notice and medical authorization that would have tolled the statute of limitations for seventy-five days?

**STATEMENT OF THE FACTS**

This case involves medical negligence allegations against Dr. Kuruvanka and the Eni appellees for the care and treatment received by Shan Kovaly, while a patient at Houston Northwest Medical Center from August 28, 2012 through August 30, 2012. (CR 5) Mr. Kovaly was admitted to Houston Northwest Medical Center on August 28, 2012 complaining of chest pain. *Id.* Mr. Kovaly was thought to have suffered a myocardial infarction and underwent cardiac catheterization with angioplasty and stenting in the cardiac catherization lab. *Id.* Mr. Kovaly was discharged by Dr. Eni on August 30, 2012 with multiple prescriptions, for Lopressor, Pravachol, aspirin, Plavix, and Lisinopril, some of which were allegedly prescribed by Dr. Kuruvanka. *Id.* Each of the prescriptions contained the necessary information to allow the prescribed medication to be dispensed except for the quantity of tablets to dispense. *Id.* Mr. Kovaly presented the prescriptions as written to a Wal-Mart pharmacy on August 31, 2012; at which time, the pharmacy informed him they would be unable to dispense the medication because the quantity was not indicated on the prescription. *Id.* There is some discrepancy between the parties as to the availability of the defendants/appellees to clarify the omission over the next few days but records indicate on September 4, 2012, the Wal-Mart pharmacy dispensed Mr. Kovaly's medication. (CR 36) That same day, Mr. Kovaly was readmitted to Houston Northwest Medical Center with

an apparent subsequent heart attack and clotting in his stent.   (CR 6)

Mr. Kovaly filed suit on November 11, 2015 and has alleged Dr. Kuruvanka was negligent and grossly negligent in his care and treatment of Mr. Kovaly on August 30, 2012 in failing to write a valid prescription for medically necessary medication and failing to contact the pharmacy or Mr. Kovaly to correct the prescription.  (CR 6-7)  On December 5, 2014, Dr. Kuruvanka filed his First Amended Answer pleading the affirmative defense that the suit was barred by the statute of limitations.  (CR 15-20)  On February 26, 2015, Dr. Kuruvanka filed a Traditional Motion for Summary Judgment on the basis that Mr. Kovaly's claims were barred by the statute of limitations, similar in substance to the one filed by the Eni defendants on February 20, 2015.  (CR 21-28, 35-45)  On March 20, 2015, Judge Michael Landrum, of the 113th District Court, signed an order granting Dr. Kuruvanka's (and the Eni defendants') Motion for Summary Judgment and dismissing all of Mr. Kovaly's claims.  (CR 103)  Mr. Kovaly now seeks appellate review of this issue.

## SUMMARY OF THE ARGUMENT

This suit is a health care liability claim governed by Chapter 74 of the Civil Practice and Remedies Code in which Mr. Kovaly seeks to recover damages for the development of a subsequent heart attack allegedly caused by his inability to obtain his medications resulting from Dr. Kuruvanka's alleged failure to provide a valid prescription.

Mr. Kovaly's suit is barred by the Statute of Limitations because:

1. The statute of limitations for a Chapter 74 claim is 2 years. TEX. CIV. PRAC. & REM. CODE § 74.251(a)

2. Limitations can be tolled for 75 days *only* with proper notice *and* a statutorily compliant authorization. TEX. CIV. PRAC. & REM. CODE § 74.051

3. Plaintiff failed to provide pre-suit notice and in the alternative failed to provide a statutorily compliant authorization with his pre-suit notice and therefore failed to toll the limitations. (CR 35-45)

4. Plaintiff filed his lawsuit after the expiration of the statute of limitations. (CR 3-9)

Therefore, Dr. Kuruvanka was entitled to summary judgment on all claims asserted by Mr. Kovaly. *Mitchell v. Methodist Hospital*, 376 S.W.3d 833 (Tex. App. – Houston [1st Dist.] 2012, pet. denied); *Nicholson v. Shinn*, 2009 WL 3152111 (Tex. App. – Houston [1st Dist.] 2009, no pet.). The trial court did not err in granting Dr. Kuruvanka's Traditional Motion for Summary Judgment.

## ARGUMENT AND AUTHORITIES

### I. Standard of Review

A trial court's ruling on a Motion for Summary Judgment is reviewed de novo. *Bocken v. Entergy Gulf States, Inc.,* 197 S.W.3d 429 (Tex. App. – Beaumont 2006). When reviewing a Motion for Summary Judgment on appeal, the court looks at whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors*, 450 S.W.2d 827, 828 (Tex. 1970); *see Moore v. K Mart Corp*., 981 S.W.2d 266, 269 (Tex. App. – San Antonio 1998, pet. denied). The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310-11 (Tex. 1984); TEX. R. CIV. PRO. 166a(c).

A defendant moving for summary judgment on the affirmative defense of statute of limitations has the burden to establish the following:

(1)   Conclusively prove when the cause of action accrued; and,

(2)   Conclusively negate the application of any tolling provision pled by the Plaintiff.

*See Rhòne-Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 224 (Tex. 1999).

### II. Reply to Issue Number One

The trial court did not err when it granted Dr. Kuruvanka's Motion for

9

Summary Judgment. Mr. Kovaly failed to comply with Texas Civil Practices and Remedies Code § 74.051 by failing to provide adequate pre-suit notice with the required medical authorization resulting in him not being entitled to a tolling of the statute of limitations for seventy-five days. Therefore, his suit is barred by the statute of limitations and was appropriately dismissed by the trial court.

A. C.P.R.C. Chapter 74 Requires Pre-Suit Notice And a Valid Medical Authorization to Toll the Statute of Limitation

The Civil Practice and Remedies Code specifies that "Any person or his authorized agent asserting a health care liability claim *shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court in this state based upon a health care liability claim*." TEX. CIV. PRAC. & REM. CODE § 74.051(a)(emphasis added). This notice *must be* accompanied by a medical authorization form for the release of protected health information and shall toll the applicable statute of the limitations period for up to 75 days. TEX. CIV. PRAC. & REM. CODE § 74.051(a)(c)(emphasis added); *Carreras v. Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011) (holding that "[f]or the statute of limitations to be tolled in a health care liability claim pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form"). The authorization and tolling provision serves an important purpose: it allows the defendant to procure the plaintiff's records from

10

plaintiff's current treating healthcare providers and those five (5) years prior to defendant's treatment in order to assess whether the claim has merit and whether the defendant should consider early, pre-suit resolution. TEX. CIV. PRAC. & REM. CODE §74.052; *see also Carreras,* at 68.

Section 74.052 further mandates the form of the medical authorization which must accompany the notice of a health care claim under Section 74.051. TEX. CIV. PRAC. & REM. CODE § 74.052(c). In section 74.052(c), the Legislature directed the use of a specific form for authorizing health care providers to both obtain and disclose protected health information for the purpose of investigating, evaluating, and defending against health care liability claims. TEX. CIV. PRAC. & REM. CODE § 74.052(c) [providing that medical authorization "shall be" in the given form and then setting forth the form beginning with "I ____, (name of patient or authorized representative), hereby authorize ____ (name of physician or other health care provider to whom the notice of health care claim is directed) to obtain and disclose (within the parameters set out below) the protected health information described below"]. Without such an authorization the statute of limitations is not tolled and therefore plaintiff's petition must be filed within two years of the alleged breach. *Carreras,* at 73; *Mitchell,* at 837 (holding that the HIPAA-compliant form provided deviated from the section 74.052(c) form because it did not specifically identify Methodist as an entity authorized to obtain protected health information

11

and was thus inadequate to trigger the tolling period); *Nicholson,* at *5 (holding that the medical authorization forms deviated from section 74.052 in that they failed to authorize the health care provider to obtain and disclose protected health information. The failure to comply meant the claimant had not substantially complied with sections 74.051 and 74.052, and therefore the limitations period was not tolled). A statutorily required authorization must accompany the Notice or the Notice does not comply with Chapter 74 and the tolling provision does not apply. *See Carreras,* at 73.

B. The Pre-Suit Medical Authorization Mr. Kovaly Gave to A Non-Party Does Not Satisfy The Requirements of Chapter 74 To Toll the Statute of Limitations

In this case, like the claimants in *Mitchell* and *Nicholson*, Mr. Kovaly did not furnish a medical authorization to obtain medical records and the seventy-five day tolling period was not triggered. On July 23, 2013, Mr. Kovaly, through his counsel, sent Wal-Mart, the dispensing pharmacy, a Notice of Claim with an accompanying authorization. It should be noted that Wal-Mart is not, and never has been, a party to this suit. Neither Dr. Kuruvanka nor the Eni defendants, in the present case, received a Notice of Claim letter or any medical authorization. That form only granted *Wal-Mart* the authority to obtain and disclose Mr. Kovaly's protected health information. Therefore, because the authorization did not provide Dr. Kuruvanka or the Eni defendants in the present case with authority to obtain

12

protected health information pursuant to §74.052(c)(A), the authorization did not comply with the statutory requirements and, accordingly, Mr. Kovaly's "notice" did not serve to toll the limitations period as to Mr. Kovaly's claims against Dr. Kuruvanka. *See Mitchell,* at 837; *Nicholson*, at *5. As such, Dr. Kuruvanka was not afforded the opportunity to access Mr. Kovaly's medical records in order to ascertain whether the claim had merit and/or whether they should consider pre-suit resolution. The purpose of the statutory requirement is not fulfilled if the potential parties to the lawsuit are deprived of the opportunity to investigate and evaluate and/or potentially settle the claim. *Nicholson*, at *5

C. Pre-Notice Was Not Given to Any Party In This Case

Kovaly is relying on the *De Checa v. Diagnostic Ctr. Hosp.* case to argue adequate pre-suit notice was provided in this matter; however, that reliance is misplaced. In *De Checa*, the plaintiffs served pre-suit notice of their claim on other health care providers who were not involved in the proceeding within two years of accrual and served pre-suit notice on the defendant physicians within two years and seventy-five days. In *De Checa*, pre-suit notice was given to a co-defendant in the case. *De Checa v. Diagnostic Ctr. Hosp.,* 852 S.W.2d 935 (Tex. 1993). In *De Checa*, the plaintiffs served pre-suit notice of their claim on other health care providers who were not involved in the proceeding within two years of accrual and served pre-suit notice on the defendant physicians within two years

and seventy-five days. *Id.* at 937. However, this case is distinguishable because in *De Checa* case, the defendants actually received pre-suit notice and here they did not.

The only pre-suit notice that can be purported to be given in this case is the notice Mr. Kovaly's counsel sent to Wal-Mart on July 23, 2013. Neither Dr. Kuruvanka nor the Eni defendants had any involvement in that case and Wal-Mart has had no involvement in this present case. No party to the present case ever received a Notice of Claim letter; thus, Mr. Kovaly is likely relying on the Notice of Claim provided to Wal-Mart as notice to the defendants in this case. Although notice to one has been repeatedly held to be notice to all parties of a suit, Mr. Kovaly seeks to extend this concept to parties of independent lawsuits. The notice Mr. Kovaly provided to Wal-Mart was in an entirely separate and independent suit than the present suit; therefore, that notice is not sufficient to provide constructive notice to Dr. Kuruvanka. Mr. Kovaly litigated that matter through to conclusion at the trial court level and never attempted to join or include Dr. Kuruvanka in that suit, as a party. Should Dr. Kuruvanka have been joined to the Wal-Mart suit, he does not dispute that the notice requirement (but not the medical records authorization requirement) would have been satisfied; however, that is not how Mr. Kovaly chose to proceed. Instead, he filed a separate and independent suit that did not include Wal-Mart and failed to provide any of the defendants in the present suit

14

with any pre-suit notice.

Because Mr. Kovaly failed to provide pre-suit notice to any defendants in this case, the statute of limitations was not tolled.

## CONCLUSION AND PRAYER

The trial court did not err in granting Dr. Kuruvanka's Motion for Summary Judgment because Mr. Kovaly's suit is barred by the Statute of Limitations. The statute of limitations for a Chapter 74 claim is 2 years. Limitations can be tolled for 75 days **only** with proper notice **and** a statutorily compliant authorization. Mr. Kovaly failed to provide a statutorily compliant authorization with his pre-suit notice and therefore failed to toll the limitations. Mr. Kovaly filed his lawsuit after the expiration of the statute of limitations. Therefore, Dr. Kuruvanka was entitled to summary judgment on all claims asserted by Mr. Kovaly.

Wherefore, Appellees Tulsidas Kuruvanka, M.D. and Northwest Houston Cardiology, P.A. pray this Court AFFIRM the Trial Court's order granting Appellees Motion for Summary Judgment, grant Appellees costs of appeal and grant them all other appropriate relief.

Respectfully submitted,

**EDWARDS & ASSOCIATES**


__/s/ James B. Edwards_____

**James B. Edwards**
SBN:  06453600
jbe@malpracticedefense.com
**Stacy T. Garcia**
SBN:  24085323
stg@malpracticedefense.com
12603 Southwest Freeway, Suite 200
Stafford, Texas 77477-3809
Phone: 281-277-4940
Fax: 281-277-4974

**ATTORNEYS FOR APPELLEES**
**TULSIDAS KURVANKA, M.D. AND**
**NORTHWEST HOUSTON**
**CARDIOLOGY, P.A.**

## CERTIFICATE OF SERVICE

I hereby certify the foregoing instrument has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure, on this 3rd day of December, 2015.

Steven R. Davis
Davis & Davis
440 Louisiana St., Suite 1850
Houston, Texas 77002
steve@davis-davislaw.com
Phone: 713-781-5200
Fax: 713-781-2235
*Appellant's Trial Counsel*

Iain Simpson
Simpson, P.C.
1333 Heights Blvd., Suite 102
Houston, Texas 77008
iain@simpsonpc.com
Phone: 281-989-0742
Fax: 281-596-6960
*Appellant's Appellate Counsel*

Joel Sprott
Kristin Blanchard
Sprott, Newsom, Lunceford,
Quattlebaum & Messenger
2211 Norfolk Street
Houston, Texas 77098
sprott@sprottnewsom.com
Phone: (713) 523-8338
Fax: (713) 523-9422
*Appellees' Trial Counsel*

Diana L. Faust
Cooper & Scully, PC
900 Jackson Street, Suite 100
Dallas, Texas 75202
Diana.faust@cooperscully.com
Phone: (214) 712-9500
Fax: (512) 712-712-9540
*Appellees' Appellate Counsel*

_____/s/ James B. Edwards_____
James B. Edwards

## Certificate of Compliance

I hereby certify that the foregoing Appellant's Brief is computer generated, that those portions required to be counted by Rule 9.4(i)(1), Texas Rules of Appellate Procedure, contain __3,633___ words according to the word-count function of the application used to create it, and that it complies with the word-count requirements of Rule 9.4, Texas Rules of Appellate Procedure. It is printed in 14-point typeface, except for the footnotes, which are in 12-point typeface.

___*James B. Edwards*_____
James B. Edwards

# APPENDIX

# 2014-66001 / Court: 113

Cause No.: _____

| | | |
|---|---|---|
| SHAN KOVALY | § | IN THE DISTRICT COURT OF |
|     *Plaintiff* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| IKEDINOBI U. ENI, M.D., | § | |
| IKEDINOBI U. ENI, M.D., P.A., | § | |
| ENI HEALTH CARE, | § | |
| WOODLANDS HEALTH CARE | § | |
| TULSIDAS S. KURUVANKA, M.D. | § | |
| NORTHWEST HOUSTON | § | |
| CARDIOLOGY, P.A. | § | |
|     *Defendant* | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, SHAN KOVALY, files this Original Petition complaining of Defendants IKEDINOBI U. ENI, M.D., IKEDINOBI U. ENI, M.D., P.A., ENI HEALTH CARE, WOODLANDS HEALTH CARE, TULSIDAS S. KURUVANKA, M.D., NORTHWEST HOUSTON CARDIOLOGY, P.A., for causes of action and support thereof respectfully state the following:

### DISCOVERY LEVEL

1. Under Texas Rules of Civil Procedure, Rule 190.3, this case shall be conducted under a Level 3 discovery control plan.

### PARTIES

2. Plaintiff **Shan Kovaly** is a resident and citizen of Harris County, Texas.

3. Defendant, **IKEDINOBI U. ENI, M.D.,** is Texas resident and medical doctor providing medical services in Harris County, Texas. This Defendant may be served with citation and service of process by serving him at 9319 Pinecroft Dr., Suite 120, The Woodlands, Texas 77380, or wherever else Defendant may be found.

4. Defendant, **IKEDINOBI U. ENI, M.D., P.A.,** is Texas medical professional association providing medical services in Harris County, Texas. This Defendant may be served with citation and service of process by serving it's principal, Ikedinobi U. Eni, M.D. at 9319 Pinecroft Dr., Suite 120, The Woodlands, Texas 77380, or wherever else Defendant

1

3

may be found.

5. Defendant, **ENI HEALTH CARE** is Texas medical facility providing medical services in The Woodlands, Harris County, Texas. This Defendant has no registered agent for service of process but may be served with citation and service of process by serving it's principal, Ikedinobi U. Eni, M.D. at 9319 Pinecroft Dr., Suite 120, The Woodlands, Texas 77380, or wherever else Defendant may be found.

6. Defendant, **TULSIDAS S. KURUVANKA, M.D.**, is a Texas resident and medical doctor providing medical services in Harris County, Texas. Defendant may be served with service by serving him at 13325 Hargrave Rd., Suite 100, Houston, Texas 77070 or wherever he may be found.

7. Defendant **NORTHWEST HOUSTON CARDIOLOGY, P.A.** is a Texas professional association providing medical services in Harris County, Texas. This Defendant may be served with service of process by serving its registered agent, Aditya K. Samal at 13325 Hargrave Rd., Suite 100, Houston, Texas 77070.

## VENUE AND JURISDICTION

8. Venue for Plaintiff's action against Defendants is proper in Harris County, Texas because a substantial part of the events or omissions that gave rise to the claim occurred in Harris County, Texas and all Defendants regularly and systematically conduct business in Harris County, Texas.

9. This Court has subject matter jurisdiction over this action because the amount of monetary relief claimed by Plaintiff is over $200,000.00 but not more than $2,000,000.00 and Plaintiffs' action is for personal injuries resulting from medical negligence pursuant to TEX. CIV. PRAC. & REM. CODE § 74.001 et seq. All conditions precedent to the filing of this action, including the sending of the required notice letter pursuant to TEX. CIV. PRAC. & REM. CODE § 74.001 et seq., have occurred.

## ACTS OF AGENTS

10. Whenever in this Petition it is alleged that the Defendants did any act or thing, it is meant that Defendants both individually and through their respective employees or representatives, did such act or thing, and that, at the time such act or thing was done, it was done in the ordinary course and scope of employment of each Defendant's officers, agents, employees, or representatives. Further, Defendants are liable for the acts of their employees under the theory of *Respondeat Superior*.

2

## FACTS

11. Shan Kovaly presented to Houston Northwest Medical Center on August 28, 2012 with complaints of chest pain. His evaluation revealed elevated cardiac biomarkers.

12. Based on his presentation, abnormal cardiac biomarker values and lack of ST elevations on his ECG, it was felt that he was having an NSTEMI and he was taken to the cardiac catheterization lab. Coronary angiography revealed stenosis of the proximal left anterior descending coronary artery (LAD). Mr. Kovaly underwent angioplasty and stenting of the LAD with two stents by Dr. Kuruvanka. There were no complications reported with the procedure.

13. Following the cardiac catheterization, Mr. Kovaly had a transthoracic echocardiogram (TTE) performed on the afternoon of 8/28/2012, which demonstrated normal left ventricular function with a left ventricular ejection fraction (LVEF) >60%.

14. Mr. Kovaly was discharged from Houston Northwest Medical Center by Dr. Eni on 8/30/2012 with prescriptions for Lopressor 25 mg twice a day, Pravachol 20 mg at bedtime, aspirin 325 mg daily, Plavix 75 mg daily and lisinopril 10 mg twice a day. Of note, neither the prescribing physician, Dr. Kuruvanka, nor the discharging physician, Dr. Eni, reviewed the prescriptions to ensure the quantity of pills to dispense was included on the prescription before releasing Mr. Kovaly.

15. The next morning, Mr. Kovaly went to Wal-Mart located at 4412 North Freeway, Houston, Texas 77022 to fill the prescriptions. The Pharmacist and Pharmacy Manager at the Wal-Mart Pharmacy refused to fill the prescriptions because of the lack of quantity noted on the scripts. Both Mr. Kovaly and the pharmacy personnel tried to reach Dr. Eni and Dr. Kuruvanka over a period of the next 4 days. Mr. Kovaly was without his medications which were medically necessary to keep his newly placed stent from clotting.

3

5

16. On September 4, 2012, Mr. Kovaly was readmitted to Houston Northwest Medical Center with chest pain and ECG changes consistent with an anterior wall STEMI. The medical records indicate that Mr. Kovaly had not been taking aspirin or Plavix. By his report, he was not able to fill the prescriptions because the number of pills to be dispensed was not included in the prescription.

17. Mr. Kovaly was taken emergently to the cardiac catheterization laboratory where he was found to have in-stent thrombosis (clotting) of his stents. The clot was removed by thrombectomy and the LAD underwent repeat angioplasty. Blood work during this hospitalization revealed that the peak value for the cardiac biomarker, troponin, was >80, which is above the limit of detection of the assay. He was discharged from this admission on September 10, 2012.

18. On September 19, 2012, Mr. Kovaly was admitted to Lyndon B. Johnson Hospital with new neurologic symptoms and shortness of breath. A CT of the head revealed the presence of a acute/subacute stroke in the right posterior cerebral artery distribution. A review of a TTE reported in a consultation note on September 21, 2012 indicated that there was thrombus present in the apex of the heart. It was the opinion of the neurology service that the stroke came from a cardio-embolic source.

19. As a result of Defendants failure to provide a valid prescription, Mr. Kovaly has suffered a major life threatening injury for which he now brings suit.

**NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANTS**

20. Defendants, IKEDINOBI U. ENI, M.D., and TULSIDAS S. KURUVANKA, M.D. are medical doctors who accepted a duty to act as a reasonably prudent doctor and healthcare provider would under the same or similar circumstances when they accepted Shan Kovaly as a patient, entering into a medical provider-patient relationship in August 2012.

4

Defendants breached the applicable standards of care required for the treatment of Shan Kovaly, by failing to write a valid prescription for the medically necessary drugs, by failing to recognize the purpose and significance of those medications for cardiac care and that a pharmacist would not fill an invalid prescription, failing to recognize the significance and potential harm to a patient who fails to receive medications from an invalid prescription, by failing to contact the pharmacy or Mr. Kovaly to correct the invalid prescriptions, and by failing to make sure the prescriptions written and given to a cardiac patient are valid and can be filled by a pharmacy, such breaches were a proximate cause of Plaintiffs' injuries as claimed herein. Such conduct by Defendants was also gross negligence, and Defendants acted wilfully and maliciously against Plaintiff. As such, Plaintiff is entitled to punitive or exemplary damages against Defendants.

## DAMAGES

21. Shan Kovaly's damages, which are unliquidated, are within the jurisdictional limits of this court. As a proximate result of Defendant's statutory and common law negligence, Shan Kovaly suffered permanent injuries and disabilities. As a result of said injuries, Shan Kovaly has suffered or will, in all reasonable probability suffer in the future, the following damages:

    a.     Physical pain and suffering in the past and future;

    b.     Mental anguish in the past and future;

    c.     Physical impairment in the past and future;

    d.     Medical expenses in the past and future;

    e.     Disfigurement in the past and future;

    f.     Loss of earnings and future lost earning capacity.

CAUSE NO. 2014-66001

| SHAN KOVALY | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | |
| | § | |
| IKEDINOBI U. ENI, M.D., | § | HARRIS COUNTY, TEXAS |
| IKEDINOBI U. ENI, M.D., P.A., | § | |
| ENI HEALTH CARE, | § | |
| WOODLANDS HEALTH CARE | § | |
| TULSIDAS S. KURUVANKA, M.D. | § | |
| NORTHWEST HOUSTON | § | |
| CARDIOLOGY, P.A. | § | 113th JUDICIAL DISTRICT |

**TRADITIONAL MOTION FOR SUMMARY JUDGMNET OF DEFENDANTS TULSIDAS S. KURUVANKA, M.D. and NORTHWEST HOUSTON CARDIOLOGY, P.A.**

TO THE HONOROABLE JUDGE OF SAID COURT:

COMES NOW **TULSIDAS S. KURUVANKA, M.D. and NORTHWEST HOUSTON CARDIOLOGY, P.A.**, Defendants, in the above entitled and numbered cause hereby file this Traditional Motion for Summary Judgment pursuant to Texas Rules of Civil Procedure 166a, as to all claims and causes of action alleged by **Shan Kovaly**, Plaintiff, and would respectfully show the Court:

**I.**

**INTRODUCTION**

This case involves medical negligence allegations against Defendants for the care and treatment received by Plaintiff, Shan Kovaly while a patient at Houston Northwest Medical Center from August 28, 2012 through August 30, 2012. Plaintiff was admitted to Houston Northwest Medical Center on August 28, 2012 complaining of chest pain. The Plaintiff was thought to have suffered a myocardial infarction and underwent cardiac catheterization with

35

angioplasty and stenting performed by Dr. Vivek, a nonparty. The Plaintiff was discharged by Dr. Eni on August 30, 2012 with five prescriptions transcribed by the Defendant, Dr. Tulsidas Kuruvanka. Each of the five prescriptions contained the necessary information to allow the medication prescribed to be dispensed except for the quantity of tablets to dispense. The Plaintiff presented the prescriptions as written to the pharmacy on August 31, 2012. The pharmacy informed the Plaintiff they would be unable to dispense the medication because the quantity was not indicated on the prescription. Over the course of the next four days the pharmacy clarified the omission and was able to dispense the prescriptions on September 4, 2012. The Plaintiff claims neither he nor the pharmacy was able to contact the Defendants for clarification. The Plaintiff's specific allegations against Defendant, Dr. Kuruvanka, are that he was negligent and grossly negligent in his treatment of the Plaintiff on August 30, 2012 in failing to write a valid prescription for medically necessary medication and failing to contact the pharmacy or the Plaintiff to correct the prescription. *See* Exhibit A, *Plt.'s Orig. Pet.*

## II.

## <u>SUMMARY OF ARGUMENT</u>

This suit is a health care liability claim governed by Chapter 74 of the Civil Practice and Remedies Code. In this medical malpractice action Plaintiff seeks to recover damages for the development of a subsequent heart attack allegedly caused by his inability to obtain his medications resulting from Defendants alleged failure to provide a valid prescription.

Plaintiff's suit is barred by the Statute of Limitations because:

1. The statute of limitations for a Chapter 74 claim is 2 years.

2. Limitations can be tolled for 75 days *only* with proper notice *and* a statutorily compliant authorization.

2

36

3. Plaintiff failed to provide a statutorily compliant authorization with his pre-suit notice and therefore failed to toll the limitations.

4. Plaintiff filed his lawsuit after the expiration of the statute of limitations.

Defendant is entitled to summary judgment on all claims asserted by Plaintiff. *Mitchell v. Methodist Hospital*, 376 S.W.3d 833 (Tex. App. – Houston [1st Dist.] 2012, pet. denied); *Nicholson v. Shinn*, 2009 WL 3152111 (Tex. App. – Houston [1st Dist.] 2009, no pet.).

III.

## SUMMARY JUDGMENT EVIDENCE

This Traditional Motion for Summary Judgment is based on the pleadings on file in this case. Defendants further offer the following summary judgment evidence attached to this motion and incorporated herein by reference for all purposes:

1. Exhibit A: Plaintiff's Original Petition.

2. Exhibit B: Notice of Claim and Authorization Form for Release of Protected Health Information from Plaintiff's counsel.

IV.

## SUMMARY JUDGMENT STANDARD

According to Texas Rules of Civil Procedure 166a, a party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX. R. CIV. PRO. 166a(c). The function of summary judgment is not to deprive a litigant of his right to trial by jury, but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn.*, 252 S.W.2d 929, 931 (Tex. 1952). A Defendant is entitled to summary judgment if the Defendant either conclusively negates at least one of the essential elements of the Plaintiff's causes of actions or conclusively establishes all of the elements of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). A

3

37

Defendant moving for summary judgment on the affirmative defense of statute of limitations has the burden to establish the following:

(1)    Conclusively prove when the cause of action accrued; and

(2)    Conclusively negate the application of any tolling provision pled by the Plaintiff.

*See Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 224 (Tex. 1999).

Once the movant has established that the statute of limitations bars the action, the non-movant must then present summary judgment evidence raising a fact issue in avoidance of the statute of limitations. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The Plaintiff in this cause has asserted unmeritorious claims against Defendants Dr. Tulsidas S. Kuruvanka, M.D. and Northwest Houston Cardiology, P.A., as those claims are barred by the statute of limitations. The date of the alleged negligence is ascertainable. Further, Defendants Dr. Tulsidas S. Kuruvanka, M.D. and Northwest Houston Cardiology, P.A. have pled the affirmative defense of statute of limitations. As such, summary judgment is appropriate in all claims asserted by the Plaintiff against Defendants, Dr. Tulsidas S. Kuruvanka, M.D. and Northwest Houston Cardiology, P.A.

## V.

## ARGUMENTS AND AUTHORITIES

The Plaintiff's health care liability claims are barred by the statute of limitations pursuant to Chapter 74 of the Texas Civil Practice & Remedies Code. A Plaintiff must commence and file a lawsuit involving a healthcare liability claim within the statute of limitations as set out in §74.251(a) of the Texas Civil Practice & Remedies Code. Section 74.251(a) states the following:

4

> Notwithstanding any other law, and subject to Subsection (b), no health care liability claims may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. ….

TEX. CIV. PRAC. & REM CODE §74.251.

There are three (3) different methods to measure the limitations period:

(1)     The occurrence of the breach or tort;

(2)     The last date of the relevant course of treatment; or

(2)     The last day of the relevant hospitalization.

*Husain v. Khatib*, 964 S.W.2d 918, 919 (Tex. 1998). The statute, however, does not allow a Plaintiff to simply choose the most favorable of the three above methods. *Id.; see also Bala v. Maxwell*, 909 S.W.2d 889, 891 (Tex.1995) (citing the former TEX. REV. CIV. STAT. ANN. ART. 4590i, §10.01). Rather, if the date of the alleged tort accrued is ascertainable, limitations must begin on that date and inquiry into the second and third categories is unnecessary. *O'Reilly v. Wiseman*, 107 S.W.3d 699, 703 (Tex. App. – Austin 2003, pet. denied).

The incident made the basis of this lawsuit as to Defendants Dr. Tulsidas S. Kuruvanka and Northwest Houston Cardiology, P.A. occurred on or about the time period of August 30, 2012 through September 4, 2012. During this time the Plaintiff was discharged from the hospital with prescriptions lacking the quantity of tablets to be dispensed. During this same time period the Plaintiff claims the Defendants allegedly could not be reached to validate the prescription by providing a quantity. Accordingly, the limitations period started September 4, 2012 at the latest. Plaintiff filed his lawsuit on November 11, 2014, which is approximately sixty-eight (68) days after the expiration of the two (2) year statute of limitations period. Notwithstanding any applicable tolling periods, the Plaintiff's claim therefore falls outside the limitations period.

Further, the Plaintiff failed to exercise the tolling provision granted by Chapter 74. The Civil Practice and Remedies Code specifies that "Any person or his authorized agent asserting a health care liability claim ***shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court in this state based upon a health care liability claim.***" TEX. CIV. PRAC. & REM. CODE § 74.051(a)(emphasis added). This notice ***must be*** accompanied by a medical authorization form for the release of protected health information and shall toll the applicable statute of the limitations period for up to 75 days. TEX. CIV. PRAC. & REM. CODE § 74.051(a)(c)(emphasis added); *Carreras v. Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011) (holding that "[f]or the statute of limitations to be tolled in a health care liability claim pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form"). The authorization and tolling provision serves an important purpose: it allows the defendant to procure the plaintiff's records from plaintiff's current treating healthcare providers and those five (5) years prior to defendant's treatment in order to assess whether the claim has merit and whether the defendant should consider early, pre-suit resolution. TEX. CIV. PRAC. & REM. CODE §74.052, *et seq, see also Carreras*, at 68.

Section 74.052 further mandates the form of the medical authorization which must accompany the notice of a health care claim under Section 74.051. TEX. CIV. PRAC. & REM. CODE § 74.052(c). In section 74.052(c), the Legislature directed the use of a specific form for authorizing health care providers to both obtain and disclose protected health information for the purpose of investigating, evaluating, and defending against health care liability claims. TEX. CIV. PRAC. & REM. CODE § 74.052(c) [providing that medical authorization "shall be" in the given form and then setting forth the form beginning with "I ____, (name of patient or authorized

6

40

representative), hereby authorize ____ (name of physician or other health care provider to whom the notice of health care claim is directed) to obtain and disclose (within the parameters set out below) the protected health information described below"]. Without such an authorization the statute of limitations is not tolled and therefore plaintiff's petition must be filed within two years of the alleged breach. *Carreras*, at 73; *Mitchell*, at 837 (holding that the HIPAA-compliant form provided deviated from the section 74.052(c) form because it did not specifically identify Methodist as an entity authorized to obtain protected health information and was thus inadequate to trigger the tolling period); *Nicholson*, at *5 (holding that the medical authorization forms deviated from section 74.052 in that they failed to authorize the health care provider to obtain and disclose protected health information. The failure to comply meant the claimant had not substantially complied with sections 74.051 and 74.052, and therefore the limitations period was not tolled). *A statutorily required authorization must accompany the Notice or the Notice does not comply with Chapter 74 and the tolling provision does not apply. See Carreras*, at 73. (emphasis added). In this case, like the claimants in *Mitchell* and *Nicholson*, the Plaintiff did not furnish a medical authorization to obtain medical records and the seventy-five day tolling period was not triggered. (*See* Exhibit B).

On July 23, 2013, Plaintiff, through his counsel, sent Wal-Mart, the dispensing pharmacy, a Notice of Claim with an accompanying authorization. (*See* Exhibit B). Defendants in the present case did not receive a Notice of Claim letter, thus Plaintiff is likely relying on the Notice of Claim provided to Wal-Mart as Notice to Defendants. However, even if the Notice of Claim is statutorily compliant, the authorization form provided to Wal-Mart, only granted *Wal-Mart* the authority to obtain and disclose Plaintiff's protected health information. (*See* Exhibit B). Therefore, because the authorization did not provide the Defendants in the present case with

authority to obtain protected health information pursuant to §74.052(c)(A), the authorization did not comply with the statutory requirements and, accordingly, Plaintiff's "notice" did not serve to toll the limitations period as to Defendants. *See Mitchell,* at 837; *Nicholson,* at *5. As such, Defendants were not afforded the opportunity to access Plaintiff's medical records in order to ascertain whether the claim has merit and/or whether Defendants should consider pre-suit resolution. The purpose of the statutory requirement is not fulfilled if the potential parties to the lawsuit are deprived of the opportunity to investigate and evaluate and/or potentially settle the claim. *Nicholson,* at *5

The alleged negligence complained of in this case occurred between August 30, 2012 and September 4, 2012, when the Plaintiff was discharged with invalid prescriptions and allegedly could not reach Defendants for correction of the error. *See Pl.'s Org. Pet.* p. 3. Thus, pursuant to statutory requirements, the Plaintiff's limitations period began to run at the latest on September 4, 2012. TEX. CIV. PRAC. & REM. CODE § 74.251(a); *Mitchell,* at 835-36; *Nicholson,* at *2. Accordingly, because the Plaintiff did not provide the proper notice coupled with a statutorily compliant medical authorization, the statute of limitations was not tolled and by statute and the Plaintiff was required to file his Original Petition on or before September 4, 2014. Plaintiff filed his Original Petition on November 11, 2014, well past the two-year limitations period. *See Pl.'s Org. Pet.* Thus, the applicable statute of limitations in this case bars Plaintiff's suit. TEX. CIV. PRAC. & REM. CODE §74.251(a).

For this reason, this Court must grant Defendants' this Traditional Motion for Summary Judgment.

8

42

## VI.

## CONCLUSION

Plaintiff failed to provide Defendants with a statutorily compliant medical authorization prior to the expiration of the two-year limitations period because it failed to authorize these Defendants to obtain the protected health information of Plaintiff. Accordingly, the tolling provision provided by Chapter 74.051(c) was not triggered and Plaintiff's lawsuit, filed on November 11, 2014, was untimely. Summary Judgment must be granted on behalf of Defendants, TULSIDAS S. KURUVANKA, M.D. and NORTHWEST HOUSTON CARDIOLOGY, P.A.

## VII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants **TULSIDAS S. KURUVANKA, M.D. and NORTHWEST HOUSTON CARDIOLOGY, P.A.** respectfully request this Court find that the applicable statute of limitations expired on Plaintiff's claims and, accordingly, grant this Motion for Summary Judgment, assess court costs and expenses against Plaintiff and dismiss all claims with prejudice against Defendants, **TULSIDAS S. KURUVANKA, M.D. and NORTHWEST HOUSTON CARDIOLOGY, P.A.**, and for such other relief to which Defendants may be justly entitled to in law and/or in equity.

*(Signature Page to Follow)*

9

43

Respectfully submitted,

**EDWARDS & STEPHENS**


BY: _____

James B. Edwards
Texas State Bar No.: 06453600
Donald S. Stephens
Texas State Bar No.: 24003000
12603 Southwest Freeway, Suite 200
Stafford, Texas 77477
(281) 277-4940
(291) 277-4974 FAX
jbe@malpracticedefense.com
dss@malpracticedefense.com

**ATTORNEYS FOR DEFENDANTS,
TULSIDAS S. KURUVANKA, M.D. and
NORTHWEST HOUSTON CARDIOLOGY,
P.A.**



John A. Davis, Jr.
Steven R. Davis

440 Louisiana, Suite 1850
Houston, Texas 77002
Phone: 713.781.5200
Fax: 713.781.2235

From the desk of:
John A. Davis, Jr.
jdavis@davis-davislaw.com

July 23, 2013

Wal-Mart Stores Texas, LLC
CT Corporation
350 N. St. Paul, Suite 2900
Dallas, Texas 75201

RE:   Our Client:   Kovaly, Shan
       DOB:         08/26/70
       SSN:         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
       Date of Injury: 08/27/12

To whom it may concern:

Pursuant to TEX. CIV. PRAC. & REM. Code § 74.052 and § 74.051, you are notified that our law firm has been retained to represent Shan Kovaly, in a potential heath-care claim against you in connection with injuries and damages sustained by him regarding care and treatment rendered by you on or about **August 27, 2012**. According to the information furnished by our client, there appears to be reasonable cause to file suit in this matter.

Pursuant to the code provisions stated above, we are entitled to a complete and unaltered copy of your **medical and billing records** pertaining to Shan Kovaly, within forty-five (45) days of your receipt of this letter. I have attached and incorporated the authorization form for release of protected health information pursuant to Chapter 74.051 and 74.052. In addition, I have attached affidavits attesting to the accuracy of your medical and billing records. Please execute and return these along with the copies of **Shan Kovaly's** records. I hope and trust that you will comply with my request as soon as possible and get this information to me so that I might fully evaluate this claim.

Also, please be advised that should I determine that this claim is meritorious, a lawsuit will be instituted after the passage of sixty (60) days time from your receipt of this letter. I hope that this matter does not need to be litigated, but please be advised that should this claim have merit, I am fully prepared to do so.

Sincerely,

*John A. Davis, Jr.*
* Electronically signed
John A. Davis, Jr.

Enclosures
   *Authorization Form for Release of Protected Health Information*
   *Medical Records Affidavit*
   *Billing Records Affidavit*



30

## AUTHORIZATION FORM FOR RELEASE OF
## PROTECTED HEALTH INFORMATION

A.  I, Shan Kovaly, hereby authorize Wal-Mart Stores Texas, LLC to obtain and disclose, within the parameters below, the protected health information described below for the following specific purposes:

1. To facilitate the investigation and evaluation of the health care claim descried in the accompanying Notice Of Health Care Claim; or
2. Defense of any litigation arising out of the claim made the basis of the accompanying Notice of Health Care Claim.

B.  The health information to be obtained, used, or disclosed extends to and includes verbal as well as the written and is specifically described as the following:

1. The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated Shan Kovaly in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompany Notice of Health Care Claim. Below is a list of the names and addresses of current treating physicians or health care providers:

a.  Wal-Mart Stores Texas, LLC
    CT Corporation
    350 N. St. Paul, Suite 2900
    Dallas, Texas 75201

b.  Houston Northwest Medical Center
    710 FM 1960 Road West
    Houston, Texas 77090

c.  Memorial Hermann Memorial City Medical Center
    921 Gessner Road
    Houston, Texas 77024

d.  Lyndon B. Johnson General Hospital
    5656 Kelley Street
    Houston, Texas 77026

e.  Ben Taub General Hospital
    1504 Taub Loop
    Houston, Texas 77030

31

This authorization shall extend to any physicians or health care providers that in the future evaluate, examine, or treat Shan Kovaly in injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim;

2. The health information in the custody of the following physicians or health care providers, who have examined, evaluated or treated Shan Kovaly during a period commencing five years prior to the incident made the basis of the accompanying Notice of Health Care Claim. Below is a list of the names and addresses of such physicians or health care providers:

   a. Midtown Medical Group
      4140 Southwest Freeway
      Houston, Texas 77027

C. Excluded Health Information – the following constitutes a list pf physicians or health care providers possessing health care information concerning Shan Kovaly a to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or to the physical, mental, or emotional condition of Shan Kovaly arising out of the claim made the basis of the accompanying Notice of Health Care Claim.

   a. None

D. The person or class of persons to whom the health information of Shan Kovaly will be disclosed or who will make use of said information are:

   1. Any and all physicians or health care providers providing care or treatment to Shan Kovaly;
   2. Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of Shan Kovaly;
   3. Any consulting or testify experts employed by or on behalf of Wal-Mart Stores Texas, LLC with regard to the matter set out in the Notice of Health Care Claim accompanying the authorization;
   4. Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of Shan Kovaly with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;
   5. Any trier of the law or facts relating to any suit filed seeking damages arising out of medical care or treatment of Shan Kovaly.

E. This authorization shall expire upon resolution of the claim asserted or the conclusion of any litigation instituted in connection with the subject matter pf the Notice of Health Care Claim accompanying the authorization, whichever occurs sooner.

32

F.   I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation asset out in Section 74.052, Civil Practice and Remedies Code.

G.   I under that signing of this authorization is not a condition for continued treatment, payment, enrollment, or eligibility for health plan benefits.

H.   I understand that information used or disclosed pursuant to this authorization may be subject to rediclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

**SIGNATURE OF PATIENT/REPRESENTATIVE**

X _____

**NAME OF PATIENT/REPRESENTATIVE**

**DESCRIPTION OF REPRESENTATIVE'S AUTHORITY**

_____

**DATE** 7/8/2013

33

# Erin Lunceford

| | |
|---|---|
| **From:** | John A. Davis <jd@davis-davislaw.com> |
| **Sent:** | Thursday, January 08, 2015 3:21 PM |
| **To:** | Erin Lunceford |
| **Cc:** | Leslie Stoddard |
| **Subject:** | RE: Kovaly v. Dr. Eni |
| **Attachments:** | Notice Letter.pdf |

Dear Erin,
We only sent Notice to Walmart. See attached.
It was sent in 2013.
Notice to one is notice to all under Chapter 74 as I recall.
Thanks,
JD

John A. Davis, Jr.
Davis & Davis
REAL PEOPLE, REAL RESULTS.®
440 Louisiana St., Suite 1850
Houston, Texas 77002
713.781.5200
713.781.2235 fax
www.davis-davislaw.com
www.dbymedmal.com

**From:** Erin Lunceford [mailto:lunceford@spottsnewsom.com]
**Sent:** Thursday, January 08, 2015 3:15 PM
**To:** John A. Davis
**Subject:** RE: Kovaly v. Dr. Eni

Hey, JD, can y'all email me the notice letter that you sent to the doctors in this case? Thanks.

1

34